## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 27 of this Complaint with the same force and effect as though fully set forth herein.

29. Plaintiff was never accused of, or charged with, having engaged in illegal conduct, and the Defendants' wrongful conduct illustrated the Defendants' predisposition to abuse, brutally beat and assault Plaintiff Davis, causing physical and emotional injury.

30. The vicious beating of Plaintiff by Defendants constituted unreasonable and excessive force by a police officer. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiff to vicious and abusive police actions, but failed to prevent same and breached their duty. This summary punishment and wrongful seizure was in violation of the rights promised to Plaintiff under the 4th, 5th, and 14th Amendments to the United States Constitution. In doing so, the Defendants violated clearly established law and the rights to which Plaintiff was entitled, and they did so with recklessness, callous indifference to the outcome of their actions and malice, all in violation of 42 U.S.C. § 1983.

31. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was made to suffer physical injuries, pain and suffering, and was subjected to terror, personal humiliation and degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 32 of this Complaint with the same force and effect as though fully set forth herein.

34. The City, through the NYPD, owed a duty of care to Plaintiff to prevent the abuse sustained. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff, or to those in a like situation, would probably result from this conduct.

35. Upon information and belief, the Individual Defendants were unfit and incompetent for their positions as police officers.

36. Upon information and belief, the City knew or should have known, through the exercise of reasonable diligence, that the Individual Defendants were likely to use excessive force.

37. Upon information and belief, the City's negligence in hiring, training, disciplining, and retaining the Individual Defendants proximately caused Plaintiff's lasting mental, emotional, reputational, and professional injuries.

38. Upon information and belief, because of the City's negligent hiring, training, discipline, and retention of the aforementioned Individual Defendants, Plaintiff incurred significant and lasting mental, emotional, reputational, and professional injuries.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff Davis sustained the damages herein before alleged.

## THIRD CAUSE OF ACTION
### NEGLIGENCE
### PENDENT JURISDICTION

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this Complaint with the same force and effect as though fully set forth herein.

41. Defendants acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner that would cause injury and/or harm or the threat of harm to Plaintiff. Defendant Police Officers had a duty not to subject Plaintiff to vicious beatings and summary punishment or otherwise abuse him. Defendant Officers had a duty to act as would prudent police officers by not taking actions which would endanger the life of Plaintiff, and by not using excessive force or otherwise violating the Constitutional and civil rights of Plaintiff. Defendant Officers, in their actions, breached those duties.

42. Defendant City of New York, their agents, employees, and/or servants, violated the Plaintiff's rights secured under the United States Constitution and 42 U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of Plaintiff by failing to train, supervise, discipline, and investigate the Defendant Officers involved in the instant matter. Defendant City of New York knew or should have known of the

Defendant Officers' propensities for the conduct that caused substantial injury to the Plaintiff.

43. In the acts complained of herein, each of the Defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to use excessive force or otherwise violate the Constitutional and civil rights of Plaintiff, and in that they breached said duty.

44. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

## FOURTH CAUSE OF ACTION
### BATTERY
### PENDENT JURISDICTION

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 44 of this Complaint with the same force and effect as though fully set forth herein.

46. Defendant Officers, having assaulted Plaintiff, violated the laws of the State of New York by subjecting Plaintiff to battery.

47. Defendant Officers wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff to endure beatings and physical abuse. Plaintiff at no time consented to such abuse or seizure of his person by Defendant Officers. Said actions were intentional and aimed at injuring and causing Plaintiff harm discomfort, pain and humiliation.

48. Plaintiff committed no violation or crime and was not charged with any violation or crime.

49. Defendant Officers did intentionally beat, brutalize, and abuse Plaintiff, placing him in fear of imminent danger and/or bodily harm, and subjected him to great pain and physical injury by virtue of Defendant Officers' conduct including, but not limited to, the unwarranted and unjustified excessive use of force on Plaintiff's body.

50. In the acts complained of herein, each of the Defendant Officers acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to use excessive force or otherwise violate the Constitutional and civil rights of Plaintiff, and in that they breached said duty.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff Davis sustained the damages herein before alleged.

### FIFTH CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
PENDENT JURISDICTION

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 51 of this Complaint with the same force and effect as though fully set forth herein.

53. The Defendant Officers, through their conduct, acts, and omissions, acted outrageously and beyond the bounds of decency for their respective roles in (a) wrongfully attacking Plaintiff, and (b) concealing, covering up, and failing to redress the wrongs done to Plaintiff. As a result, Plaintiff suffered great pain, shame, humiliation and anguish.

54. The Defendants committed the above stated reprehensible, extreme and outrageous conduct against Plaintiff with intent and full knowledge that their conduct would cause severe and extreme emotional and physical harm to him, with such extreme emotional harm being the intended result.

55. Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff personally suffered the physical pain and emotional terror of a vicious attack, and continues to suffer from emotional exhaustion and symptoms of anxiety, night terrors, sleep disturbances and grief. Plaintiff further suffers the emotional and physical distress of intense stress, anguish, and psychological trauma, knowing that he was debilitated, humiliated, and caused to suffer fear for his life, well-being and anguish by the acts of the Defendants.

56. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive damages;
c. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
d. Such other and further relief as the Court may deem just and proper.

Dated: Bronx, New York
April 26, 2012

        Steven H. Goldman, Attorney at Law

        _____
        Steven H. Goldman
        190 E. 161 Street
        Bronx, New York 10451
        (718) 538-5743
        *Attorney for Plaintiff TYRE DAVIS*