**Law Offices of Goldman & Associates**

| Bronx Office | Manhattan Office |
| --- | --- |
| 190 E. 161st Street | 1790 Broadway suite 710 |
| Bronx, NY 10451 | New York, NY 10019 |

attorneystevengoldman@gmail.com

B: (718) 538-5743

F: (347) 862-6408

December 3, 2018

<u>VIA ECF</u>
The Honorable Paul G. Gardephe
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Davis v. City of New York, Officer Ocasio, Officer Murphy, et al.*, 12 Civ. 3297 (PGG)

Dear Judge Gardephe:

      As Your Honor knows, Defendant Murphy has filed an appeal of the Court's decision granting summary judgment as to liability and submitting the case for trial on the remaining issue of damages. Part of the decision entailed a finding that Defendant Murphy, like his co-defendant, was not entitled to qualified immunity. Your Honor held that, even if his factual claims about the event are accepted, "Murphy is still liable for excessive force, because the amount of force he used in response to any threat posed by Plaintiff was unreasonable. For example, the video evidence shows that Murphy continued to knee Plaintiff after he was bent over with his left hand on the wall for support. At this point, there was no justification for the continued use of force, because Plaintiff posed no continuing threat to the officers that justified the use of force." Order filed 9/24/18, at 18. Your Honor further noted that the video of the incident plainly shows Murphy kicking Plaintiff as Plaintiff sat on the ground with his back to a wall, after which he also slapped Plaintiff. Your Honor concludes as follows: "there is no genuine issue of material fact as to whether Ocasio and Murphy's use of force was objectively unreasonable. They used force that was entirely gratuitous and served no legitimate purpose."

      The basis of Murphy's appeal must be your Honor's decision denying him qualified immunity. There is no legitimate basis for such an appeal in this case. It is abundantly clear that Murphy's actions did not entitle him to qualified immunity. There is simply no credible argument that his use of force against Plaintiff did "not violate clearly established statutory or constitutional rights of which a reasonable person would

have known. " Harlow v. Fitzgerald, 102 S.Ct. 2727, 2738 (1982). Murphy, together with defendant Ocasio, brutally and gratuitously, with no law enforcement purpose, beat Plaintiff, leaving him dazed and bleeding on the ground in an alley. They then walked back to the precinct from whence they came. Those are the undeniable facts. They cannot now claim that they believed, even mistakenly, that they had a right to beat plaintiff as they did. Your Honor made the right decision for the right reasons, a decision that will certainly be upheld on appeal.

In terms of Defendant Murphy's right to appeal the Court's decision, the case law suggests a negative answer. The decision here turned on the specific facts of this case, not on an esoteric interpretation of the law. Based on those facts – the beating captured on video and the obvious lack of any legitimate law enforcement objective by the defendants – it was clear that the defendants could not avail themselves of qualified immunity. In such situations, the U.S. Supreme Court in Johnson v. Jones has held that the final judgment rule precludes interlocutory appeals. "The upshot is that, compared with *Mitchell,* considerations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources argue in favor of limiting interlocutory appeals of "qualified immunity" matters to cases presenting more abstract issues of law. Considering these "competing considerations," we are persuaded that "[i]mmunity appeals ... interfere less with the final judgment rule if they [are] limited to cases presenting neat abstract issues of law." 5A Wright & Miller § 3914.10, at 664; cf. *Puerto Rico Aqueduct,* 506 U.S., at 147, 113 S.Ct., at 689 (noting the argument for a distinction between fact-based and law-based appeals, but seeing no "basis for drawing" it with respect to the particular kind of order at hand); 15A Wright & Miller § 3914.10, at 85 (1995 Supp.). Johnson v Jones, 515 US 304, 317, 115 S Ct 2151, 2158, 132 L Ed 2d 238 [1995]

The case law in this area tells us unambiguously that there is no legal basis for Murphy to appeal the summary judgment decision in this case. Given that, any appeal by Murphy is necessarily frivolous. Regarding frivolous appeals, the court in Palmer v. Goss held that "[w]here *a district court determines that an appeal of a denial of qualified immunity is frivolous, the court may proceed to trial even in the face of an interlocutory appeal*. See Palmer v. Goss, 2003 WL 225195454 (S.D.N.Y. 2003) (emphasis added) (citing Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir.1989); Chuman v. Wright, 960 F.2d 104, 105 (9th Cir.1992); Yates v. City of Cleveland, 941 F.2d 444, 449 (6th Cir.1991); Stewart v. Donges, 915 F.2d 572, 576–78 (10th Cir.1990); Bean v. City of Buffalo, 822 F.Supp. 1016, 1019 (W.D.N.Y.1993). It is thus clear that a federal district court may proceed to trial on a case when it deems an appeal to be frivolous.

In light of the above, we are asking that this Court find that defendant Murphy's appeal is frivolous and proceed to trial as previously ordered. It is our candid assessment that the appeal sought by Murphy is being made in bad faith. The clear purpose of the appeal is to delay the trial, and thereby create additional work and expense for Plaintiff.

Murphy evidently hopes that by doing so, Plaintiff will decide that it is no longer worth his time and effort to prosecute the case; that he will either abandon the case or agree to settle at a tiny fraction of the actual value of the case. Murphy is mistaken in that belief. It would make no sense to reward Murphy's questionable tactics by postponing the trial until after the appeal is concluded. We are, therefore, asking that the previously set schedule for the trial in this matter be adhered to despite the appeal that is being undertaken by defendant Murphy.

Very truly yours,

_____/S/_____

STEVEN H. GOLDMAN

Attorney for Tyre Davis